# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

RICKY WALTER DENTON,    )
    )
    **Plaintiff,**    )
    )
**v.**    )    Case No. **3:12-cv-04188-CLS-JEO**
    )
**SERGEANT TIM VANDERFORD,**  )
*et al.*,    )
    )
    **Defendants.**    )

## MEMORANDUM OPINION

The magistrate judge entered a report on October 31, 2013, recommending that plaintiff Ricky Walter Denton's failure to train or supervise claim against the Acting Sheriff of Colbert County be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). (Doc. 27). The magistrate judge further recommended that all claims against Defendant Sgt. Tim Vanderford be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2), with the exception of the claim that Vanderford violated plaintiff's First Amendment constitutional rights when he opened and allowed others to read plaintiff's outgoing non-legal mail. (*Id.*).

Plaintiff filed a "Response and Objections" to the report and recommendation on November 8, 2013. (Doc. 28). Plaintiff was ordered on October 18, 2014, to show cause why the claims against defendants Vanderford and the Colbert County Sheriff

were not barred by the doctrine of *res judicata*. (Doc. 29 (citing *Ricky Denton v. Sheriff of Colbert Cnty.*, *et. al.*, CV-2010-213)). Plaintiff filed a response to the order to show cause on October 22, 2014. (Doc. 30).

## I. Defendant Vanderford - False Identification, Fabricated Evidence, Perjury and Witness Intimidation Claims

The magistrate judge recommended dismissal of the above-listed claims against defendant Vanderford because plaintiff's bank robbery conviction has not been reversed or otherwise invalidated by a court of competent jurisdiction. (Doc. 27, at 6) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . ., a § 1983 plaintiff must prove that the conviction or sentence has been reversed, . . . expunged, . . . or declared invalid")). In his objections, plaintiff "concedes" his 2011 bank robbery conviction has not been invalidated, and therefore his claims against defendant Vanderford based on false identification, fabricated evidence, perjury, and witness intimidation are due to be dismissed. (Doc. 28, at 2, 4). Nonetheless, he requests the claims be held "in abeyance" until his attack on that conviction is completed. (*Id.*). Plaintiff's request is **DENIED**.

## II. Defendant Vanderford - Unlawful Arrest Claims and Forgery Charges Stemming Therefrom

Plaintiff objects to the use of December 19, 2009, the day defendant

Vanderford arrested him, as the statute of limitations accrual date for the unlawful arrest claims. (*Id.* at 1-2). He contends the forgery charges stemming from those arrests were not dismissed until some two years later, and the accrual of his claims should be deferred to that date. (*Id.*). Plaintiff's objections are **OVERRULED**.

The accrual of a claim "occurs . . . . when 'the plaintiff can file suit and obtain relief.'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). A plaintiff can "file[] suit as soon as the allegedly unlawful arrest occur[s], subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." *Id.* The Supreme Court has expressly rejected deferred accrual for unlawful arrest claims as "impractical." *Id.* at 393. Thus, even if it is unknown "whether a prosecution will be brought" and an "anticipated future conviction never occurs, because of acquittal or dismissal[,]" the accrual date, *i.e.* the date of arrest, cannot be deferred. *Id.* Instead, a district court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94.

In a related matter, and as a result of being charged with forgery, plaintiff's probation for another conviction and sentence was revoked. He has neither alleged nor shown that the revocation has been reversed. Thus, to the extent he is arguing

3

that the unlawful arrests and bogus forgery charges undermine the validity of his probation revocation, that claim is due to be dismissed under the auspices of *Heck v. Humphrey*. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (holding that the *Heck* principle is applicable to probation and parole revocation proceedings).

Plaintiff has not alleged a claim of malicious prosecution against defendant Vanderford in connection with the dismissal of the forgery charges that arose from his December 2009 arrest. Even if he had, or if his allegations are construed as such, that claim, as well as all other potential claims pertaining to the December 2009 arrest, are barred pursuant to the doctrine of *res judicata*. *See infra,* Section IV.

## III. Colbert County Sheriff - Failure to Train or Supervise

The magistrate judge recommended dismissal of the failure to train or supervise claims against the Colbert County Sheriff because plaintiff's allegations displayed an attempt to hold the Sheriff liable under a *respondeat superior* theory, which is unavailable in Section 1983 cases. (Doc. 27, at 8). Plaintiff argues the Sheriff should not be dismissed because "he failed to supervise Vanderford and implemented a policy that allowed" Vanderford's actions; namely, exploitation of his private mail in violation of his First and Fourth Amendment constitutional rights. (Doc. 28, at 4). He asserts the Sheriff's supervision of Vanderford was "so relax (sic) it allowed Vanderford to act in such a manner," and "the Sheriff's policy governing the

4

hand[l]ing of inmate mail was non existen[t]." (*Id.*).

Plaintiff's objections are **OVERRULED**. He made no factual allegations and identified no constitutional claim against the Sheriff in the complaint. Moreover, the allegations in his objections are insufficient to state a claim against the Sheriff. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted). Even if the allegations were sufficient, this claim is barred pursuant to *res judicata* principles. *See infra*, Section IV.

## IV. Vanderford - Opening and Allowing Others to Read the Plaintiff's Non-legal Mail

The magistrate judge recommended that plaintiff's claim regarding Vanderford's alleged violation of his First Amendment rights when he opened and allowed others to read plaintiff's outgoing non-legal mail be referred for further proceedings. However, for the reasons that follow, the recommendation is **REJECTED**.

Plaintiff initiated a civil action on November 17, 2010, against defendant Vanderford and the Colbert County Sheriff[1] in the Circuit Court of Colbert County, Alabama, based on many of the same operative facts made the basis of the present

---

[1] Plaintiff also named Detective Steve Vinson (also spelled Benson) as a defendant. Vinson is not a party to the present action.

action. *See Ricky Denton v. Sheriff of Colbert Cnty.*, *et. al.*, CV-2010-213. Examination of the pertinent state record reveals plaintiff's allegations that on December 21, 2009, Tim Vanderford unlawfully seized and inspected plaintiff's private rental contract for the hotel room plaintiff paid for without probable cause, illegally entered his room, and then unlawfully arrested him without a warrant for a forged identification card Vanderford confiscated from plaintiff's wallet. (CV-2010-213, Complaint). After Vanderford arrested plaintiff, he went back to the motel "legally," took money from plaintiff's room, and then lied under oath when he testified that plaintiff told him the money was from a drug deal. (*Id.*). Plaintiff stated that hotel personnel never filed a complaint against him. (*Id.*). His probation was revoked because of Vanderford's dishonesty, and in May 2010, he was sent to prison. (*Id.*).

While plaintiff was waiting to be sent to prison, however, defendant Vanderford intercepted, photocopied and read his private mail, including an income tax return, without a warrant. (*Id.*). Vanderford also discussed the content of plaintiff's mail and phone conversations with private citizens, and he even interrogated and accused plaintiff's girlfriend of tax fraud. (*Id.*). Among his claims, plaintiff repeatedly alleged that all of defendant Vanderford's actions violated and disregarded the United States Constitution by subjecting him to unlawful arrest, false

imprisonment, malicious prosecution, and invasion of his right to privacy in violation of his civil rights. (*Id.*). He further claimed that Vanderford's acts were done by authority of the Colbert County Sheriff. (*Id.*). For relief, he demanded monetary damages and Vanderford's resignation.

Plaintiff filed a "Complaint and Request for Action" and a supporting affidavit in the case of *State of Alabama v. Ricky Walter Denton*, CC-2010-111, on November 18, 2010. That criminal case includes the forgery indictments against plaintiff in the Circuit Court of Colbert County, Alabama. (*Id.*). In that complaint, plaintiff attempted to file "charges" against Tim Vanderford "for the crime of mail fraud." (*Id.*). In the supporting affidavit, which was sworn "to be true and correct under penalty of perjury" on November 15, 2010, plaintiff alleged that Tim Vanderford intercepted his "personal mail" and "did show said mail to other private citizens among them being Johnathon Todd and Sarah Cornelius." (*Id.*).

Defendants filed a motion to dismiss plaintiff's state complaint pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure on December 30, 2010. *See Ricky Denton v. Sheriff of Colbert County*, *et. al.*, CV-2010-213 (Motion to Dismiss). In their supporting brief, defendants asserted the defenses of absolute immunity as to plaintiff's state law claims, qualified immunity to the extent plaintiff had stated any federal claims, and failure to specifically plead the factual and legal basis of any

federal claims. (*Id.*, Brief in support of Motion to Dismiss). Defendants also asserted that any claims considered under 42 U.S.C. § 1983 in their official capacities were due to be dismissed, and that plaintiff could not state a § 1983 claim against the Sheriff on the basis of supervisory liability. (*Id.*).

Plaintiff filed a response to the motion to dismiss on January 14, 2011. (*Id.*, Response). He asserted that the defendants' motion should be considered a motion for summary judgment, demanded an opportunity for discovery, and attached an affidavit setting out the facts underlying his claims. Plaintiff acknowledged defendants' argument that he had not specifically invoked 42 U.S.C. § 1983, but nonetheless asserted that the statute dealt with injuries to prisoners, and he was a citizen, not a prisoner. He also continued to claim that his constitutional rights were violated by the actions of defendant Vanderford, as set out in his complaint. On the same date, plaintiff filed a motion to "drop" Sheriff Ronnie Mayes as a defendant, asserting that Mayes and "en[t]ity of Colbert County Sheriff's Department as [(sic)] not liable or responsible for [the] actions of defendants Steve Benson and Tim Vanderford . . . they alone are liable." (*Id.*, Motion to Drop).

The state Circuit Court judge entered the following order on April 4, 2011:

> This matter is before the Court on the Defendants' Motion to Dismiss and Memorandum Brief in support thereof filed with this Court on December 30, 2010; the Plaintiff's Response to the Defendants'

Motion to Dismiss filed on January 14, 2011; and the Plaintiff's Motion to Drop, which the Court will consider as a Motion to Dismiss, Sheriff Ronnie May and the Colbert County Sheriff's Department, also filed on January 14, 2011.

Upon consideration of the above, it is the opinion of this Court that the Defendants' Motion to Dismiss is due to be granted.

It is, therefore, ORDERED, ADJUDGED and DECREED that the Defendants in this matter, Colbert County, Alabama Sheriff Ronnie May, Colbert County, Alabama Sheriff's Deputy Lieutenant Tim Vanderford; Colbert County, Alabama Sheriff's Deputy Lieutenant Steve Benson; and the "Colbert County Sheriff's Department" are dismissed, with prejudice, each party to bear his, her, or its own costs.

(*Id.*, Judgment).

Plaintiff filed a handwritten notice of appeal on September 30, 2011, and was thereafter informed by Clerk's notice that the filing fee to effectuate an appeal was $200. (*Id.*, Notice of Appeal; Clerk's Notice). The case action summary reveals no further entries. (*Id.*).

This court "may take judicial notice" of "the state court proceedings" in *Ricky Denton v. Sheriff of Colbert County, et. al.*, CV-2010-213, and *State of Alabama v. Ricky Walter Denton*, CC-2010-111. *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984) (citing *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976)). *See also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned."). In so doing, the relevant question is whether some of plaintiff's claims are barred by the doctrine of *res judicata*.

"When [a federal court] consider[s] 'whether to give *res judicata* effect to a state court judgment, we "must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." " *Muhammad v. Secretary, Florida Deparment of Corrections*, 739 F.3d 683, 688 (11th Cir. 2014) (quoting *Green v. Jefferson County Commission*, 563 F.3d 1243, 1252 (11th Cir. 2009) (in turn quoting *Kizzire v. Baptist Health System, Inc*., 441 F.3d 1306, 1308-09 (11th Cir. 2006))). In Alabama, "[t]he doctrine of *res judicata* bars subsequent claims that involve the 'identical parties, facts and subject matter litigated, or those which could have been litigated, in an earlier lawsuit.' " *Higgins v. Henderson*, 551 So. 2d 1050, 1052 (Ala. 1989) (quoting *Chavers v. National Security Fire & Casualty Co.*, 456 So. 2d 293, 294 (Ala. 1984)). Stated differently,

> [t]he traditional *res judicata* case (frequently referred to as a claim preclusion) involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. Alabama law is well settled that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the

defendant won, the plaintiff is barred from relitigating any matter which could have been litigated in the prior action. *Lesley v. City of Montgomery*, *supra*; *Ozley v. Guthrie*, *supra*; *Wheeler v. First Alabama Bank of Birmingham*, *supra*; *McGruder v. B & L Construction, Inc.*, *supra*.

*Whisman v. Alabama Power Co.*, 512 So. 2d 78, 81 (Ala. 1987).

A comparison of the operative facts of the state court case and the federal cause of action before this court shows that plaintiff named the Colbert County Sheriff and Tim Vanderford as defendants in both actions. Thus, the parties are identical.

Plaintiff also made the same factual allegations against Vanderford and the Sheriff in connection with his December 19, 2009 arrest and his private mail. When this court directed plaintiff to show cause why this claim should not be dismissed on grounds of *res judicata*, plaintiff filed the following response, *under oath and penalty of perjury*, alleging the current claims that the defendants

allow[ed] the private citizens to read [his] personal mail was claims of conduct that arose after the [state court] civil complaint . . . [was filed] and co[]ntinued up to and during the trial of [*United States of America v. Ricky Walter Denton*], Case # 3:11-cr-0054-SLB-JEO. Thus, [the plaintiff] could not [have] addressed [the current claims] in the [prior state court civil suit] because (1) the plaintiff was unaware of the conduct and, (2) the conduct had not occurred prior to the filing of the first suit.

(Doc. 30, at 3). Elsewhere, he repeats that he

was unaware until the [2011 federal robbery trial] that the government was allowing private citizens to read his personal mail. . . . [T]he

11

> government agents had instructed the witnesses to have no communication with the plaintiff. (*See* affidavit of Hollie and [J]ohnathon Todd). The plaintiff had filed a complaint previously but claiming the officials w[]ere illegally s[ei]zing his mail. The acts of showing the personal mail to private citizens was not included because [it] had not occurred until after the first complaint was filed.

(*Id*. at 6, n.4). Plaintiff also states that he "knowingly abandon[ed] the first suit because the second suit came to life with new conduct and different significant facts." (*Id.* at 3).

When plaintiff's previous state court litigation is compared to his response to the order to show cause, it is apparent that plaintiff perpetrated a fraud upon this court when he declared *under oath* that he was unaware that Vanderford had shown his mail to private citizens, and that the conduct had not occurred prior to the filing of his first suit. Plaintiff's state court filings are proof that he was aware of the conduct about which he complains earlier than November 15, 2010, and that he did not first become aware of them during the course of his federal robbery trial in 2011.

Keeping in mind that plaintiff clearly was aware of the facts underlying this claim in November 2010, the court turns to the claims alleged in his state court civil action. *See Ricky Denton v. Sheriff of Colbert Cnty.*, *et. al.*, CV-2010-213. In that case, plaintiff asserted claims of unlawful arrest, malicious prosecution, false imprisonment, and invasion of privacy in the context of violations of the United States Constitution and his civil rights. It appears that plaintiff questioned whether

he could invoke 42 U.S.C. § 1983 because he was a citizen, not a prisoner, but the statute itself does not draw such a distinction, and the Alabama courts will entertain suits under § 1983 for vindication of federal rights. *Harris v. City of Montgomery*, 435 So. 2d 1207 (Ala. 1983) (entertaining a lawsuit filed pursuant to 42 U.S.C. § 1983 in connection with claims of unlawful arrest and false imprisonment by plaintiffs suspected of child abuse). Still, "'[r]es judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.'" *Old Republic Insurance Co. v. Lanier*, 790 So. 2d 922, 928 (Ala. 2000) (quoting *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993)) (emphasis omitted). Therefore, this federal case is based, in part, upon the same operative facts and legal theories that either were or could have been raised in state court.

Finally, the dismissal of the state court case with prejudice was a judgment on the merits for *res judicata* purposes in the State of Alabama. Pursuant to Rule 41(b) of the Alabama Rules of Civil Procedure, governing the effects of an involuntary dismissal, "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, improper venue, or for failure to join a party under Rule 19, operates as an *adjudication on the merits*." The state trial court granted defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Alabama Rules

of Civil Procedure. This type of dismissal is not provided for in Rule 41(b), nor is one of the enumerated exceptions thereto.[2] Accordingly, the dismissal is a judgment on the merits under Alabama law.

The state court judgment has not been reversed, and as such, *res judicata* applies under Alabama law. *See Blanks v. West Point Wholesale Grocery*, 142 So. 49, 53 (Ala. 1932) (finding "res judicata of all matters necessarily involved" in the appellee's suit because the bankruptcy referee's "judgment and decree entered on" appellee's claim was "unrevised" and "unreversed . . . at the time of the suit in this cause."). Accordingly, "the rejection [of the plaintiff's state court case to the extent described above] bars his attempt to litigate [those facts and issues] anew in federal court." *Muhammad*, 739 F.3d at 688 (citation omitted). For the foregoing reasons, all of the necessary elements of Alabama's *res judicata* principles have been met in connection with plaintiff's state law civil case and all current federal claims against defendants Vanderford and the Colbert County Sheriff that stem from plaintiff's December 19, 2009, arrest and the interception, reading and publication of his private mail. Moreover, even if plaintiff's claim that Vanderford intercepted, read and

---

[2] Even if this court were to consider the trial court's dismissal to be in the nature of summary judgment, such a dismissal is still an adjudication (*i.e.*, judgment) on the merits pursuant to Rule 41(b) of the Alabama Rules of Civil Procedure. *See Boles v. Blackstock*, 484 So. 2d 1077, 1079 (Ala. 1986) ("where matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment ... regardless of its denomination and treatment by the trial court.")

published his private mail was not precluded on *res judicata* grounds, the claim clearly is barred by the applicable two-year statute of limitations, and to the extent the alleged violation implies the invalidity of his robbery conviction, the claim is subject to *Heck v. Humphrey* principles. *See Heck v. Humphrey*, 512 U.S. 477, 478 (1994).

Having carefully reviewed and considered *de novo* all of the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report and recommendation is due to be and is hereby **ACCEPTED IN PART** and **REJECTED IN PART** as set out herein. Accordingly, all claims against all defendants are due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DONE** this 1st day of May, 2019.

_____
United States District Judge